RECORD NO. 22-6501

KMH

---

## In The
# United States Court of Appeals
## For The Fourth Circuit

RECEIVED
2022 MAY -2 PM 2:
U.S. COURT OF APPEALS
FOURTH CIRCUIT

**BRIAN DAVID HILL,**

*Petitioner – Appellant,*

v.

**UNITED STATES OF AMERICA,**

*Respondent – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

———————

**EMERGENCY INFORMAL OPENING BRIEF OF APPELLANT**

———————



**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street, Apt. 2**
**Martinsville, Virginia 24112**
**(276) 790-3505**



*Pro Se Appellant*     *JusticeForUSWGO.wordpress.com/JusticeForUSWGO.NL*





Clerk,

Please file, highlighted pages in color. Thanks

Qanon

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ............................................................ vi to vi

I.    STATEMENT OF SUBJECT MATTER
      AND APPELLATE JURISDICTION ............................................1

II.   STATEMENT OF THE ISSUES ..................................................2

III.  STATEMENT OF THE CASE ....................................................3

IV.   SUMMARY OF THE ARGUMENT ............................................8

V.    ARGUMENT ..............................................................................8

      A.    Standard of Review ..........................................................8

      B.    Argument ..........................................................................10

            GROUND i.
                  GROUND i.The district court erred as a matter of law and as
                  a matter of fact or abused discretion in denying the
                  Appellant's uncontested Motion for Reconsideration
                  (Document #301) and Appellant's Emergency Motion for
                  Extension of Time (Document #309), by ignoring the evidence
                  which violates the Procedural Due Process and Substantive
                  Due Process rights of Brian David Hill. In violation of
                  Amendment V, U.S. Constitution. Ignored evidence of
                  credibility of witnesses including Attorney L. Lin Wood
                  regarding blackmail of "judges" and "officials". Ignoring the
                  good causes and reasons for the need for relief requested in
                  the denied Motions. Ignoring that the motion despite being
                  uncontested by the Government.. .........................................10

            GROUND ii.
                  The district court erred as a matter of law or abused
                  discretion in denying the Appellant's uncontested Motion for
                  Reconsideration (Document #301) and Appellant's
                  "Emergency Motion" for Extension of Time (Document
                  #309), by ignoring the law and its own local rules which

violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. .......................................23

GROUND iii.................................................................................

The district court erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301), by ignoring the witnesses and not giving them an opportunity to explain their relevance and proven credibility as referenced in the 2255 Motion which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. .........................................27

GROUND iv.

The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion (Document #309), by not exercising Judicial Restraint and Comity in allowing the State Courts to finish their processes and the Secretary of the Commonwealth's final determination in Appellant's request for an Absolute Pardon (Actual Innocence verdict) in finding whether Brian David Hill is innocent of violating Virginia Code § 18.2-387. Indecent exposure. It is clear that the determination of Brian Hill's "Actual Innocence" is essential for the 2255 Motion case and is essential in determining whether Brian David Hill had violated his supervised release from Charging Documents #156, #157, #158 or was innocent of his charge and therefore his 2255 Motion has the merit to be granted as a matter of facts and as a matter of law. The Court did not exercise any judicial restraint or comity and instead pushed for rushing the 2255 Motion with the intention of possibly trying to have it dismissed or dispositioned prior to the State Court's determination of Brian's actual innocence of his state conviction. The Court is violating the Tenth Amendment of the U.S. Constitution and had previously violated his rights to a Jury Trial by not exercising Judicial Restraint of the state court process. They are doing it again. ................. 32-33

GROUND v.

The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for

Extension of Time for the Government to Respond to Petitioner's 2255 Motion under Document #309, because of the Affidavit/Memorandum of witnesses Kenneth and Stella Forinash wanting Brian David Hill to file over 200 pages of witness investigation, testimony, and research for the District Court. The Appellant thought the Government needed more time to review over that before making a response to the 2255 Motion. The District Court refused to give the Government more time to review over the evidence and the testimony papers of Stella and Kenneth Forinash prior to ordering the Government to respond when there needs to be more time.. ..............................................................................40

GROUND vi.

The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time (Document #309) and denying Appellant's Motion for Reconsideration (Document #301) by erroneously ruling in both Text Orders that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." The District Court has ignored all evidence, good and sufficient reasons, good and sufficient grounds, and ignored all witnesses, as well as ignoring the State Court appeals and ignoring the Governor's actual innocence pardon application process, and yet makes the gaslighting claim of false reasoning for its ruling that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." Procedural Due Process and Substantive Due Process has been violated and deprived of Brian David Hill, the criminal defendant and 2255 Petitioner........... 43/44

GROUND vii.

The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested/undisputed Motion for Reconsideration (Document #301) when there is clearly sufficient ground or reason to suspect BLACKMAIL; including "judges" and "officials" which may also include U.S. Supreme Court Chief Justice JOHN ROBERTS may be compromised. Attorney L. Lin Wood saying that "judges" incl. Justice Roberts may be targets of a blackmail scheme of child rape and child murder. Investigation is warranted and granting the Motion for Reconsideration is warranted on the credibility proven of that witness. ..........................................................................47

VI.  CONCLUSION ............................................................................................... 50

PRIOR APPEALS ..................................................................................................... 52

VII.  REQUEST FOR ORAL ARGUMENT ......................................................... 53

CERTIFICATE OF COMPLIANCE ........................................................................ 54

CERTIFICATE OF FILING AND SERVICE ......................................................... 55

## TABLE OF AUTHORITIES/CITATIONS

**Page(s)**

### CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. V ..........................................................10, 20, 23, 28, 32

U.S. CONST. amend. X..........................................................33, 35, 36

### RULE

Federal Rule of Appellate Procedure 4(b)...................................................1

Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k)
.......................................................................... .......5, 18, 19, 20, 24, 25,

Federal Rules of Civil Procedure 59.......................................................26

Federal Rules of Civil Procedure 60.......................................................26

Federal Rules of Civil Procedure 6.......................................................26

Federal Rules of Criminal Procedure 45..................................................26

## I.  STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

1. Brian David Hill, (the "Appellant") appeals from two judgments/Orders in a case, which such judgments/Orders was filed April 21, 2022, in the United States District Court for the Middle District of North Carolina. The text Orders on April 21, 2022 denying Docket Entry #301 Motion for Reconsideration and denying Docket Entry #309 Emergency Motion for Extension of Time or Delay the Time for the Government to Respond to Petitioner's 2255 motion which they necessarily must be granted for the best interests of justice. The case Manager Kirsten Hancock, Deputy Clerk informed Appellant that the two notices of appeal (#310 and #312) concerning the two Text Orders will be consolidated or merged under one Appeal case no. 22-6501. The first notice of appeal (#210) was filed on April 25, 2022. The second notice of appeal (#210) was filed on April 25, 2022. Appeal is authorized pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b), if the Certificate of Appealability is issued by the Fourth Circuit. Appellant doesn't just file this informal opening brief for this case but the Appellant also requests that this Court grant a Certificate of Appealability as there are constitutional issues, errors of law, and errors of fact in the appealed case. This is including a substantial issue for appeal concerning the denial of a constitutional right or a debatable procedural ruling. A decision must be made urgently as soon as possible and cannot wait until final disposition of the 2255 Motion. There are very important issues such as

1

blackmail scheme, evidence and law being ignored, due process violations, and issues of credibility that have not been contested/disputed by the Government, and evidence issues which the Orders did not address. It is necessary for this appeal and must be acted upon to prevent a grave miscarriage of justice involving the fear that judges may be involved as targets in a blackmail scheme of child rape and murder as alleged by Attorney L. Lin Wood.

2. This appeal concerns the denial of Appellant's Motion to Reconsider (Document #301) with evidence hoping to correct or vacate the erroneous judgment (Document #300). The appeal is because of the erroneous Order to deny the uncontested/undisputed Motion to Reconsider, with new evidence addressing the wrongful claims of "delusional" and "frivolous". Appeal concerns the denial of Appellant's Motion to Extend Time (Document #309).

## II. <u>STATEMENT OF THE ISSUES</u>

3. Whether the district court erred or abused discretion by denying Appellant's "MOTION To Reconsider the Order/Judgment Under Document #300 Denying Petitioner's Document #294: "Motion For Appointment of Special Master for Proceedings and Findings of Fact of Ground VII"; And Document #296: "Motion For Appointed Counsel to Assist in 2255 Case Motion and Brief/Memorandum of Law in Support of Motion by Brian David Hill."" (Document #301) by claiming that "Petitioner has failed to provide good cause or an adequate reason for the relief requested". That is not true and is not a factual reason to deny the motion as that motion to reconsider brought up adequate reasons and good causes as to the

2

relief requested in that motion.

4. Whether the district court erred or abused discretion by denying Appellant's "EMERGENCY MOTION FOR EXTENSION OF TIME OR DELAY THE TIME FOR THE GOVERNMENT TO RESPOND TO PETITIONER'S DOCUMENT # 291 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (PURSUANT TO 28 U.S.C. 2255) by BRIAN DAVID HILL. (Bowers, Alexis) (Entered: 04/20/2022)" (Document #309) by claiming that "Petitioner has failed to provide good cause or an adequate reason for the relief requested". That is not true and is not a factual reason to deny the motion as that EMERGENCY MOTION brought up adequate reasons and good causes as to the relief requested in that motion.

## III. <u>STATEMENT OF THE CASE</u>

5. On January 27, 2022, Appellant filed "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES" MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL. (1:22CV74) (Butler, Carol) Modified on 1/28/2022 to reflect civil case number. (Butler, Carol) (Entered: 01/28/2022)". Listed under Document #294.

6. On January 27, 2022, Appellant filed "MOTION FOR APPOINTED COUNSEL TO ASSIST IN 2255 CASE MOTION AND BRIEF/MEMORANDUM

OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL. (1:22CV74)(Butler, Carol) Modified on 1/28/2022 to reflect civil case number.(Butler, Carol) (Entered: 01/28/2022)". Listed under Document #296.

7. On March 2, 2022, the U.S. Magistrate Judge Joe L. Webster had entered an Order (Document #300) denying the Motion for a Special Master in Document #294 and denying the Motion for Appointment of Counsel in Document #296. Read the original order (Document #300)

8. On March 11, 2022, Appellant filed "MOTION To Reconsider the Order/Judgment Under Document #300 Denying Petitioner's Document #294: "Motion For Appointment of Special Master for Proceedings and Findings of Fact of Ground VII"; And Document #296: "Motion For Appointed Counsel to Assist in 2255 Case Motion and Brief/Memorandum of Law in Support of Motion by Brian David Hill." re 300 Order on Motion for Miscellaneous Relief, Order on Motion to Appoint Counsel, 296 MOTION to Appoint Attorney filed by BRIAN DAVID HILL by BRIAN DAVID HILL. Response to Motion due by 4/1/2022 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Attachment, # 20 Envelope - Front and Back) (Bowers, Alexis) (Entered: 03/11/2022)". Listed under Document #301. Despite "Response to Motion due by 4/1/2022", the U.S. Attorney/Respondent/Appellee of the United States of America did not respond by that deadline set by the

4

Clerk of the Court on the Docket sheet and Notice of Electronic Filing when serving a copy of that pleading with the Respondent/Appellee. Under Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k), that motion to reconsider is an uncontested motion and ordinarily should be granted without further notice.

9. On April 13, 2022, Appellant filed a Letter to U.S. Magistrate Judge Joe L. Webster (same judge who denied the uncontested Motion, being appealed herein) entitled "Document re 301 MOTION for Reconsideration re 300 Order on Motion for Miscellaneous Relief, Order on Motion to Appoint Counsel, 296 MOTION to Appoint Attorney filed by BRIAN DAVID HILL. (Attachments: # 1 Envelope - Front and Back). (Bowers, Alexis) (Entered: 04/13/2022)". A special letter directed to the Judge informing the District Court that the Government counsel did not contest the facts, arguments, and contentions in Motion to Reconsider under Document #301. Again referencing the Doc. #301: "Response to Motion due by 4/1/2022", the U.S. Attorney/Respondent/Appellee of the United States of America did not respond by that deadline set by the Clerk of the Court on the Docket sheet and Notice of Electronic Filing when serving a copy of that pleading with the Respondent/Appellee. Under Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k), that motion to reconsider was an uncontested motion and ordinarily should have been granted without further notice. On April 20, 2022, Appellant filed an EMERGENCY MOTION "FOR EXTENSION OF TIME OR DELAY THE TIME FOR THE

5

GOVERNMENT TO RESPOND TO PETITIONER'S DOCUMENT # 291

MOTION". Listed under Document #309

10. On April 21, 2022, the District Court entered a "TEXT ORDER denying

301 Motion for Reconsideration. Petitioner has filed a motion (Docket Entry 301)

requesting that the Court reconsider an Order directing the Government to file a

response to Petitioner's motion brought pursuant to 28 U.S.C. ມ 2255 and denying

the appointment of a special master, a change of venue, the appointment of counsel,

and the adoption of special filing procedures. Petitioner has failed to provide good

cause or an adequate reason for the relief requested. The motion is therefore denied.

Issued by MAG/JUDGE JOE L. WEBSTER on 4/21/2022. (Lee, Pedra)"

11. On April 21, 2022, the District Court entered a "TEXT ORDER denying

309 Emergency Motion for Extension of Time or Delay the Time for the

Government to Respond to Petitioner's ມ2255 motion. Petitioner has filed a motion

(Docket Entry 309) requesting that the Court delay or extend the Government's

deadline for responding to his motion brought pursuant to 28 U.S.C. ມ 2255.

Petitioner has failed to provide good cause or an adequate reason for the relief

requested. The motion is therefore denied. Issued by MAG/JUDGE JOE L.

WEBSTER on 4/21/2022. (Lee, Pedra)".

12. On April 25, 2022, Appellant filed the Dkt. #310 "NOTICE OF APPEAL

without payment of fees by BRIAN DAVID HILL re Order on Motion for Extension

of Time to File Response/Reply. (Attachments: # 1 Envelope - Front and Back)

6

(Bowers, Alexis) (Entered: 04/26/2022)". That appeal is for the appealed case under no. 22-6501 this informal opening brief is filed in regards to that very final order and judgment. That appeal is for the appealed case under no. 22-6501 this informal opening brief is filed in regards to that very final order and judgment.

13. On April 25, 2022, Appellant filed the Dkt. #312 "NOTICE OF APPEAL without payment of fees by BRIAN DAVID HILL re Order on Motion for Reconsideration. (Bowers, Alexis) (Entered: 04/26/2022)". That appeal is for the appealed case under no. 22-6501 this informal opening brief is filed in regards to that very final order and judgment.

14. On April 27, 2022, the appeal was opened up regarding Dkt. #310/#312 NOTICES OF APPEAL under case No. 22-6501.

7

## IV. <u>SUMMARY OF THE ARGUMENT</u>

## V. <u>ARGUMENT</u>

**A.     Standard of Review**

15. A district court's decision to deny Appellant's uncontested #301 Motion for Reconsideration is reviewed for abuse of discretion, errors of law, and errors of fact.

16. A district court's decision to deny Appellant's #309 Emergency Motion for Extension of Time for the Government to respond is reviewed for abuse of discretion, errors of law, and errors of fact.

17. The legitimate concerns requiring that the interests of justice is necessary for granting an uncontested motion when adequate reasons and good causes were asserted and argued are reviewed for clear error. *Id.*

18. One of Appellant's grounds for his two Motions which were denied (Doc. #294, #296) in his 2255 case was "GROUND VII – IT IS NOW POSSIBLE AND PETITIONER SUSPECTS THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE SUPERVISED RELEASE ON DOCUMENT #200 MAY OR MAY NOT BE A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND "OFFICIALS" WERE BEING ORDERED TO RAPE AND MURDER

8

CHILDREN ON VIDEO RECORDINGS AND THUS WERE COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS HEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE ". See Document #292, Page 127 through 135.

19. Conversely, this Court reviews questions of law in Section 2255 cases *de novo*, including the interpretation of the statute governing Section 2255 cases and the Constitution of the United States.

**B.      Argument**

> **GROUND i.   The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301) and Appellant's Emergency Motion for Extension of Time (Document #309), by ignoring the evidence which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. Ignored evidence of credibility of witnesses including Attorney L. Lin Wood regarding blackmail of "judges" and "officials". Ignoring the good causes and reasons for the need for relief requested in the denied Motions. Ignoring that the motion despite being uncontested by the Government.**

20. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301) and Appellant's Emergency Motion for Extension of Time (Document #309), by ignoring the evidence which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. The District Court had violated Due Process of Law and had exercised in an excess of jurisdiction by ignoring evidence and willfully ignoring evidence and facts despite being undisputed and uncontested by the opposing counsel (the Government).

21. Here is a citation of the Due Process Clause of the U.S. Constitution, at issue in this appeal:

CITATION of Amendment V, U.S. Constitution:

"No person shall be held to answer for a capital, or otherwise infamous

crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

22. The District Court has clearly ignored evidence, ignored witnesses, and won't take anything into consideration, just denies everything. The Court will not even cite the evidence and filings, just make a simple easy to type blanket statement which any lazy-man can type which is vague claiming: "*Petitioner has failed to provide good cause or an adequate reason for the relief requested.*" (citation omitted) How on earth had Appellant not provided any good cause or adequate reason for the relief requested??????????????????????????????????

23. Here are the citations of the record in the appealed case supporting Appellant's adequate reasons or good causes as to why relief being requested was warranted for the District Court to have acted upon instead of denying them, citing from Document #301 Motion to Reconsider:

1. Document #301. Page 1 of 64; "…*That there is a justifiable request for delay or tolling of the order. That it is not yet ripe for response from the Government or disposition during pending state criminal case appeal matters directly affecting the pending 2255 case and it's grounds; as well as pending review by the Governor's Office of*

*Virginia regarding Petitioner's filed request for a pardon for Actual Innocence via an Absolute Pardon. As well as Petitioner's plan to file a 2254 Motion after all state remedies are exhausted but filing it prior to the one year statute of limitations to make it timely filed.*"

2. Document #301. Page 4 of 64; "...*Petitioner is considered "delusional" just for asking for legal reviewing over the alleged blackmail videos. Petitioner had faxed this attorney last year (See Exhibit 3) asking about who is in the blackmail videos and this Attorney is not confirming or denying if Hon. Thomas David Schroeder and/or Hon. William Lindsey Osteen Junior are in any of the alleged encrypted blackmail videos.*"

3. Document #301. Page 59 of 64; "...*Petitioner's 2255 Motion was timely filed but he could not wait until the state remedies were exhausted prior to filing the 2255 Motion in this case, even though the state conviction directly led to the federal conviction. Waiting until the state remedies may succeed would bar this 2255 Motion as untimely filed. So Petitioner had to file the 2255 Motion while the state appeals and requests for remedy was still pending. The Government should not be ordered to respond until the state appeals processes are concluded.*"

4. Document #301. Page 30 of 64; "...*Petitioner welcomes Anand Prakash Ramaswamy, AUSA the opportunity to contact Attorney L.*

*Lin Wood and ask about the blackmail video files and have law enforcement review over them. The problem is they can choose to ignore or cover up the blackmail video files and refuse to prosecute. There needs to be an intervention by either Law Enforcement or the District Court or both.*"

5. Document #301. Page 28 of 64; "…*The interest of justice requires that appointment of counsel for the purposes of conducting discovery and reviewing over the alleged blackmail video files without Petitioner having to worry about the potential risk of violating his condition of Supervised Release. The appointed counsel can review over the videos, have his/her legal team or paralegals determine the identities of the blackmail video targets, and report findings to the U.S. District Court and report findings to Respondent's counsel about the identities of the rapists and murderers in those video files. If it is ever proven that the Hon. Thomas David Schroeder, Hon. William Lindsey Osteen Junior or any other involved State Judge or Federal Judge is indeed in any of the alleged video files, if it can be confirmed by reviewing over the videos within reach with the assistance and cooperation of Attorney Lin Wood…*".

6. Document #301. Page 23 of 64; "…*Now that Petitioner is filing more evidence in support of Document Motions under #294 and*

*#296. It is time for the District Court to reconsider its erroneous decision denying both motions.*"

7. Document #301. Page 28 of 64; "*27. Petitioner argues that the District Court's claims of Petitioner being "frivolous" and "delusional" in the ORDER are without a factual basis. It is an abuse of discretion and is erroneous...*".

8. Document #301. Page 50 of 64; "*46. As to Motion #294: The Magistrate erred on his assumption that Petitioner was delusional and frivolous. There is no evidence of such since the evidence uses the credibility of Attorney Lin Wood, and Actor Isaac Kappy and any other individuals involved here. Attorney/client privilege is involved here as to why Petitioner does not know the name or names of the individual or individuals who possess the encrypted blackmail video files...*".

9. Document #301. Page 50/51 of 64; "*47. It is premature for this Court to order a response from the U.S. Attorney Office and allowing them the possibility of pushing for any Motions to Dismiss because the State appellate process is still ongoing which may or may not acquit Brian David Hill and allow him to file a Petition for Expungement under Virginia Code § 19.2-392.2. "Expungement of police and court records". That order may apply to the nude photos of Petitioner and may also apply to expungement of the very*

14

*foundation of the charge of Supervised Release Violation. If the expungement petition is granted then there was no violation of Supervised Release on September 21, 2018, as outlined in Charging Documents #157, and #158. The 2255 Motion is about challenging the Supervised Release Violation conviction which was directly triggered by the criminal case filed on September 21, 2018...*".

10. Document #301-1. Page 3; "*Mr. Wood has been the lead attorney in many national, high profile cases, including serving as…*"

11. Document #301-2. Page 3; "*Status    Active Member in Good Standing...Public Discipline   None on Record*" Note: Proof of the witness's credibility on record.

12. Document #301-2. All Pages; FAX Letter from Appellant Brian David Hill to Attorney Lin Wood asking him if specific Federal Judges are in any of the alleged child rape and murder blackmail videos. Asking him if any of the named individuals who were involved in the criminal investigation and case against Brian David Hill are in any of the alleged child rape and murder blackmail videos. Proof of the letter and when it was faxed to this attorney with the inquiry letter.

13. Document #301-7. All Pages; Photograph of letter to Attorney L. Lin Wood regarding the alleged child rape and murder blackmail videos, along with the encryption password for the alleged

15

blackmail videos for Attorney Lin Wood's purposes as to whoever his client is who brought to Wood's attention the information of "judges" and "officials" being blackmailed with child rape and murder.

14. Document #301-15. All Pages; Proof of Notice of Appeal filed in state case

15. Document #301-16. All Pages; Proof of Notice of Appeal filed in state case

16. Document #301-17. All Pages; Proof of pending state criminal appeal tied to the state criminal case at issue for the Supervised Release revocation judgment being challenged in 2255 case

17. Document #301-18. All Pages; Proof of pending state criminal appeal tied to the state criminal case at issue for the Supervised Release revocation judgment being challenged in 2255 case

24. Here are the citations of the record in the appealed case supporting Appellant's adequate reasons or good causes as to why relief being requested was warranted for the District Court to have acted upon instead of denying them, citing from Document #309 Motion for Extension of Time:

1. Document #309. Page 16 of 26; "*24. With the complexity of this case, it is premature for the Government to file a response by May 1, 2022. The Constitutionality and issues of Federal Courts needing*

16

*to exercise judicial restraint and comity to the State Court process for the timely filed 2255 Motion makes the interest of justice far outweigh the need for an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.*"

2. Document #309. Page 17/18 of 26; "*This motion accompanies a "MEMORANDUM OF STELLA FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN DAVID HILL; IN SUPPORT OF WHY BRIAN DAVID HILL SUSPECTS BLACKMAIL OF "JUDGES" AND "OFFICIALS"; AND IN SUPPORT OF GROUND VI - UNCONSTITUTIONAL INTERFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; AND IN SUPPORT OF 2255 MOTION (DOC. #291)". It was not insisted to be filed by Brian David Hill, but Stella Forinash and Kenneth Forinash put together multiple evidence documents to be filed by Brian David Hill at their request. Petitioner will file this and is projected that their evidence documents are at a total of 261 pages for the Affidavit by Stella Forinash, and legal writings and evidence prepared by both Stella and Kenneth Forinash. The memorandum page without the evidence attachments is only eight pages*

17

*referencing and indexing the evidence memorandum attachments. The Government will need a lot of time to respond to this memorandum as well. They have a right and should have an opportunity to respond to Stella Forinash and Kenneth Forinash and their affidavit filings. The pleading has 10 attachments. The Government should at least have an additional 60 days to respond to the Stella and Kenneth Forinash evidence memorandum filed by Brian David Hill.*"

25. It should be noted that the ton of evidence in support of Brian David Hill's Motion for Reconsideration of the Document #300 Order; all of it including the Motion and Brief/Memorandum were all uncontested and undisputed as a matter of law. All facts in evidence Exhibits, all claims in the Motion for Reconsideration were all uncontested and undisputed. It was filed on March 11, 2022, and served with the U.S. Attorney via CM/ECF on that same day. The officer of the Court, aka the Clerk of the Court, added: "Response to Motion due by 4/1/2022". That is using the Court's Local Rules such as paragraphs (f) and (k). The Government had 21 days to respond to it or they would waive the right to respond to it. Not responding in time would construe that the motion and any attached evidence or attachments would be uncontested and undisputed as a matter of local law of that U.S. District Court. It should be noted that despite that motion not being contested by any of the Government lawyers/counsel, that motion was denied, regardless of whether it had been

18

contested or not. Ordinarily uncontested motions are granted without further notice and that is Local Rule 7.3, paragraph (k). That is the LAW, THAT IS THE LAW!!!!!!!!!!

26. The district court erred as a matter of law and as a matter of fact or abused discretion because the Court has ignored all evidence basically. The Court doesn't cite any of the evidence and does not indicate in its Text Order that it had reviewed over everything. It was just a simple text order, doesn't even cite any case law or any law at all. Just says in both text orders the repeated argument that "Petitioner has failed to provide good cause or an adequate reason for the relief requested. The motion is therefore denied." The Court ignored the evidence. The Court had ignored the law, and that should not be happening inside of a Court of Law. The United States District Courts are a COURT OF LAW, in regards to FEDERAL LAWS, RULES. Courts cannot just enforce the law and rules on only one party to a case but allow other parties to be under a different set of standards and rules which are not known in law. There is a double standard being set by the District Court. Brian Hill is under different sets of rules and laws than the Government attorneys. This is unconstitutional. This is not fair and just. Federal Rules and laws apply to all individuals including attorneys.

27. This Court should review the Appellant's Letter to U.S. Magistrate Judge Joe L. Webster (Doc. #306) (same judge who denied the uncontested Motion, being appealed herein) entitled "Document re 301 MOTION for Reconsideration re 300 Order on Motion for Miscellaneous Relief, Order on

Motion to Appoint Counsel, 296 MOTION to Appoint Attorney filed by BRIAN
DAVID HILL. (Attachments: # 1 Envelope - Front and Back). (Bowers, Alexis)
(Entered: 04/13/2022)". It made sure to inform the District Court that the
motion was uncontested by the Government, again asserting the District
Court's own Local Rules for the Middle District of North Carolina. See
Local Rule 7.3, Middle District of North Carolina, paragraphs (f) and (k).
The judge knew that if he had even read that letter. The District Court
acted as though it may not had even read that letter either. The District
Court is ignoring evidence because the District Court gave no indication
as to the Government not contesting that motion from the Record of the
case in Appeal. The judge was informed that the motion was undisputed,
the Government never filed any reply to that letter or that denied motion.
The judge didn't take anything into consideration, it is all being ignored
as if none of it was being read here. Here are the legal arguments as to
why a judge ignoring evidence is in excess of jurisdiction, and it violates
Amendment V of the U.S. Constitution.

**CASE LAW AND LEGAL ARGUMENTS PROVING THAT THE
DISTRICT COURT IGNORING EVIDENCE AND IGNORING THE LAW
IS A VIOLATION OF PROCEDURAL DUE PROCESS AND/OR
SUBSTANTIAL DUE PROCESS OF LAW, FIFTH AMENDMENT OF THE
UNITED STATES CONSTITUTION**

28. Williamson v. Reynolds, 904 F. Supp. 1529, 1542 (E.D. Okla. 1995)
("Rather the inquiry on habeas is whether [defense counsel] . . . denied the

defendant his right to due process by ignoring evidence, including evidence at trial, indicating that the defendant might not be competent").

29. In re Marriage of Soden, 251 Kan. 225, 237 (Kan. 1992) ("Dillner contends the trial court abused its discretion by ignoring evidence of the circumstances of the divorce").

30. James v. Bradley, 19-870-pr, 2 (2d Cir. Mar. 31, 2020) ("James brought this action alleging that Bradley violated his right to procedural due process by ignoring evidence at the hearing that purportedly showed that the tested urine was taken from someone other than James.").

31. Raghav v. Wolf, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021) ("Immigration Court violated his due process rights by ignoring evidence of his conditions in India and erroneously applying the law.").

32. Brooks v. State, 209 Miss. 150, 151 (Miss. 1950) ("2. Constitutional law — due process — ignoring fundamental rights. The prohibition in the Constitution that no person shall be deprived of his liberty except by due process of law was intended to guarantee the protection of fundamental and constitutional rights so that a fair trial may result, and where fundamental and constitutional rights are ignored due process does not exist and a fair trial can not be had.").

33. Legal Research: What is it called when a judge ignores evidence? The definition of judicial misconduct is a serious deviation from the accepted practices of a judge in the judicial profession. A judge cannot expect to remain

on the bench for long if ignoring evidence or flat out refusing to look at it becomes an even occasional behavior. A kangaroo court is a court that ignores recognized standards of law or justice, carries little or no official standing in the territory within which it resides, and is typically convened ad hoc. A kangaroo court may ignore due process and come to a predetermined conclusion. Ostensibly, the term comes from the notion of justice proceeding "by leaps", like a kangaroo – in other words, "jumping over" (intentionally ignoring) evidence that would be in favor of the defendant.

34. Lafferty v. Cook, 949 F.2d 1546, 1555 n.10 (10th Cir. 1992) ("the inquiry on habeas is whether the state court denied the defendant his right to due process by ignoring evidence, including evidence at trial").

35. Hunter v. United States, 548 A.2d 806, (D.C. 1988) ("Because the trial court improperly ignored evidence bearing on appellant's competence to enter a guilty plea, we reverse and remand to the trial court for further proceedings.")

36. The District Court ignored evidence of credibility of witnesses including Attorney L. Lin Wood regarding blackmail of "judges" and "officials". Ignoring the good causes and adequate reasons for the need for relief requested in the denied Motions. Ignoring that the motion was uncontested by the Government.

## CONCLUSION FOR FIRST APPEAL GROUND

37. Appellant argues that the district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested Motion

for Reconsideration (Document #301) and Appellant's Emergency Motion for Extension of Time (Document #309), by ignoring the evidence which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. Ignored evidence of credibility of witnesses including Attorney L. Lin Wood regarding blackmail of "judges" and "officials". Therefore it is clear that the Motions never should have been denied. Error of fact, error of law. An abuse of discretion.

> **GROUND ii. The district court erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301) and Appellant's "Emergency Motion" for Extension of Time (Document #309), by ignoring the law and its own local rules which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution.**

38. The district court erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301) and Appellant's "Emergency Motion" for Extension of Time (Document #309), by ignoring the law and its own local rules which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution.

39. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground I paragraphs 20-37 of this INFORMAL OPENING BRIEF, pages 10 through 23 of this INFORMAL OPENING BRIEF.

40. For the sake of brevity, Appellant hereby incorporates by reference, as if

23

fully set forth herein, Ground III paragraphs 53-65 of this INFORMAL OPENING BRIEF, pages 27 through 32 of this INFORMAL OPENING BRIEF.

41. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground IV paragraphs 66-79 of this INFORMAL OPENING BRIEF, pages 32/33 through 40 of this INFORMAL OPENING BRIEF.

42. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground V paragraphs 80-84 of this INFORMAL OPENING BRIEF, pages 40 through 43 of this INFORMAL OPENING BRIEF.

43. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground VI paragraphs 85-94 of this INFORMAL OPENING BRIEF, pages 43/44 through 47 of this INFORMAL OPENING BRIEF.

44. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, , Ground VII paragraphs 95-103 of this INFORMAL OPENING BRIEF, pages 47 through 50 of this INFORMAL OPENING BRIEF.

45. The District Court had ignored the law in its text order denying Motion for Reconsideration (Document #301). They ignored Local Rule 7.3, paragraphs (f) and (k). The Clerks do not ignore the Court's local rules. That is why they add onto docket entries for the civil 2255 case motions, words such as: "Response to Motion due by 4/1/2022". The Clerks follow the Local Rules and make sure to notify the opposing counsel of the Local Rule by adding such words beside of filed civil motions. However, the District Court is not following its own local rules.

## CITATION OF THE COURT'S LOCAL RULES

46. It is clear that when a local rule creates a possibly favorable decision to a criminal defendant or 2255 Habeas Corpus civil litigator, it should be followed or the Court should at least explain why it is deviating from its own local laws or local rules of the Court passed by the rule making committee.

47. Here is the citation of Middle District of North Carolina, Local Rule 7.3:

**Citation of Local Rule 7.3 paragraphs (f) and (k):**

(f) Response to Motion and Brief. The respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion (30 days if the motion is for summary judgment; see LR 56.1(d)) (14 days if the motion relates to discovery; see LR 26.2 and LR 37.1). If supporting documents are not then available, the respondent may move for an extension of time in accordance with section (g) of this rule. For good cause appearing therefor, a respondent may be required to file any response and supporting documents, including brief, within such shorter period of time as the Court may specify.

(k) Failure to File and Serve Motion Papers. The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied. A response unaccompanied by a required brief may, in the discretion of the Court, be disregarded and the pending motion may be considered and decided as an uncontested motion. If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

48. Not only that but law was properly cited. In that Motion for Reconsideration (Document #301), good cause and adequate reasons was asserted in both motions including #309.

49. Motion for Reconsideration (Document #301) and its attached eighteen (18) Exhibits which was uncontested by the Respondent aka the opposing counsel had properly cited law as to why relief should have been granted. That was ignored by the District Court. Law should not be ignored. The law cited was both Rule 59 and Rule 60 under the Federal Rules of Civil Procedure. Pursuant to Rule 59(e): Motion to Alter or Amend a Judgment; and Rule 60: Motion for Relief from a Judgment. See Fed. R. Civ. P. 60 and Fed. R. Civ. P. 59. Also used case law: United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993)(Rule 59 applies in section 2255 proceedings); Gonzalez v. Crosby, 545 U.S. 524, 534 (2005)("Rule 60(b) has an unquestionably valid role to play in habeas cases."). Wild v. United States, Case No.: 18cv2193, 15cr2771-AJB, (S.D. Cal. Nov. 9, 2020) ("A motion for reconsideration or relief from a judgment may be brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Fuller v. M.G. Jewelry, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F. 2d 803, 805 (9th Cir. 1989)). See Document 301, pages 2 and 3.

50. Emergency Motion for Extension of Time (Document #309) had properly cited law as to why relief should have been granted. Relief such as the Government being given more time to respond to Appellant's 2255 Motion. The law cited was Fed. R. Civ. P. 6 ("(b) EXTENDING TIME…) and Fed. R. Crim. P. 45 ("(b) EXTENDING TIME…). See Document 309, pages 2 and 3.

51. The law was properly cited in both Motions. Document #301 Motion was uncontested. Document #309 was an Emergency Motion. The law was being ignored

by the District Court.

## CONCLUSION FOR SECOND APPEAL GROUND

52. The Appellant asserts and argues that the district court did erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301) and Appellant's "Emergency Motion" for Extension of Time (Document #309), by ignoring the law and its own local rules which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. The law is clearly being ignored here. The District Court had ignored any law or statute or rule which may be favorable to the Appellant and not the Government lawyers. That is an error. It is erroneous and an abuse of discretion. It is a one sided system and the Court of Law is not supposed to be a one sided system. It was not designed to be one sided. The law is the law, the Government counsel has to obey all laws as well as the citizen.

> **GROUND iii. The district court erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301), by ignoring the witnesses and not giving them an opportunity to explain their relevance and proven credibility as referenced in the 2255 Motion which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution.**

53. The district court erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301), by ignoring the witnesses and not giving them an opportunity to explain their relevance and proven credibility as referenced in the 2255 Motion which violates the

27

Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution.

54. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground I paragraphs 20-37 of this INFORMAL OPENING BRIEF, pages 10 through 23 of this INFORMAL OPENING BRIEF.

55. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground II paragraphs 38-52 of this INFORMAL OPENING BRIEF, pages 23 through 27 of this INFORMAL OPENING BRIEF.

56. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground IV paragraphs 66-79 of this INFORMAL OPENING BRIEF, pages 32/33 through 40 of this INFORMAL OPENING BRIEF.

57. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground V paragraphs 80-84 of this INFORMAL OPENING BRIEF, pages 40 through 43 of this INFORMAL OPENING BRIEF.

58. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground VI paragraphs 85-94 of this INFORMAL OPENING BRIEF, pages 43/44 through 47 of this INFORMAL OPENING BRIEF.

59. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground VII paragraphs 95-103 of this INFORMAL OPENING BRIEF, pages 47 through 50 of this INFORMAL OPENING BRIEF.

60. Instead the reasoning for ignoring everything is just to gaslight the record of the District Court on the docket sheet by stating in both Text Orders: "Petitioner

28

has failed to provide good cause or an adequate reason for the relief requested. The

motion is therefore denied." That is gaslighting. Gaslighting is a colloquialism,

loosely defined as making someone question their own reality. The term may also

be used to describe a person who presents a false narrative to another group or

person which leads them to doubt their perceptions and become misled, disoriented

or distressed.

61. Citation of U.S. Magistrate Judge's Text Orders:

> *Apr 21, 2022 TEXT ORDER denying 301 Motion for Reconsideration.*
> *Petitioner has filed a motion (Docket Entry 301) requesting that the Court*
> *reconsider an Order directing the Government to file a response to Petitioner's*
> *motion brought pursuant to 28 U.S.C. ᴇɴ 2255 and denying the appointment of a*
> *special master, a change of venue, the appointment of counsel, and the adoption of*
> *special filing procedures. Petitioner has failed to provide good cause or an*
> *adequate reason for the relief requested. The motion is therefore denied. Issued by*
> *MAG/JUDGE JOE L. WEBSTER on 4/21/2022. (Lee, Pedra)*
> *Apr 21, 2022 TEXT ORDER denying 309 Emergency Motion for Extension*
> *of Time or Delay the Time for the Government to Respond to Petitioner's ᴇɴ2255*
> *motion. Petitioner has filed a motion (Docket Entry 309) requesting that the Court*
> *delay or extend the Government's deadline for responding to his motion brought*
> *pursuant to 28 U.S.C. ᴇɴ 2255. Petitioner has failed to provide good cause or an*
> *adequate reason for the relief requested. The motion is therefore denied. Issued by*
> *MAG/JUDGE JOE L. WEBSTER on 4/21/2022. (Lee, Pedra)*

61. It is clear from GROUND I and GROUND II of this appeal brief that the

law was properly cited in both motions. If the Motion for Reconsideration (Doc.

#301) was truly erroneous, then the U.S. Attorney would have responded as

Respondent and pointed out the claims similar to what the District Court had said

in its text order. The Respondent did not do that. If the Motion was truly without

any merit or without any good cause or without any adequate reason at all despite

its 18 exhibits, the Respondent would have filed an opposition brief explaining why it was. That did not happen. The Government did not contest the claims, arguments, and witnesses proffered.

62. Evidence was ignored regarding the proven credibility of witness Attorney L. Lin Wood. The credibility was proven in Documents #301-1 "Exhibit 1", #301-2 "Exhibit 2", #301-5 "Exhibit 5", #301-6 "Exhibit 6", #301-7 "Exhibit 7", #301-8 "Exhibit 8", and #301-9 "Exhibit 9". The record proved that this attorney had been in good standing and had no public discipline. This attorney is under a higher standard of care and higher duty of care. An attorney can get in trouble for making false statements, especially any claim regarding "judges" and "officials" raping and murdering children on alleged blackmail videos. This attorney had named Chief Justice John Roberts of the Supreme Court of the United States as one of the alleged blackmail targets. Lin Wood is saying this, not the Appellant. This attorney is making claims that do engulf and affect the cases of Brian David Hill, even as far as Chief Justice John Roberts of the Supreme Court.

**CITATION OF LIN WOOD EVIDENCE CLAIMS:**

**Document #301-3, Page 8 of 12 and Document #290-1, Page 8 and 15 of 16:**

Lin Wood @LLinWood - Jan 4 – I believe Chief Justice John Roberts & a multitude of powerful individuals worldwide are being blackmailed in a horrendous scheme involving rape & murder of children captured on videotape. I have the key to the files containing the videos. I have also shared this information. (Citation reformatted)

**Document #290-1, Page 16 of 16; Document #299, Page 3 of 7:**

Lin Wood @LLinWood - I would never make an accusation without having reliable source for it. Stakes are too high. So I did due diligence to validate the accuracy of the shocking information I am revealing tonight. I am entirely comfortable that you are learning the truth. A truth that explains much. 3:01 AM: Jan 4, 2021 - Twitter for iPhone (Citation reformatted)

63. The credibility of Attorney Lin Wood had been ignored in denying the Appellant's Motion for Reconsideration of the Document #300 order. The District Court does not mention anything in the Text Order that shown Attorney L. Lin Wood not being credible and not being truthful. The credibility was proven in Document #301-1 "Exhibit 1" because that Exhibit highlights the cases Lin Wood had been representing clients in the past. The credibility was proven in Document #301-2 "Exhibit 2" because that Exhibit had shown this witness is an attorney as an "Active Member in Good Standing" It said "Public Discipline", "None on Record", and was admitted to practice law on "06/10/1977". He been practicing law in good standing for many years, he is a credible witness. He was a credible witness. The Respondent had not made any rebuttal filing showing the opposite. The District Court had ignored the proof of evidence regarding the credibility of witness Attorney L. Lin Wood of Georgia. The Motion to Reconsider clearly should have been granted and the relief given.

64. Relevance to the 2255 Case and its GROUND VII BLACKMAIL SUSPICION was proven in Document #301-3. In a fax to this Attorney L. Lin Wood, the witness. Asking him and using his own tweets. Asking this witness if certain Federal Judges directly involved in his criminal case, may be in the

31

proclaimed alleged blackmail scheme of encrypted videos. Encrypted videos of child rape and murder and the blackmail targets are of "judges" and "officials" (Document #301-3, Page 5 of 12). Specific Federal Judges involved in his criminal case and the 2255 case were named in this inquiry letter to the witness, Attorney Lin Wood. At this point the relevance of this witness has been established and is necessary for the Motion for Reconsideration to have needed to have been granted instead of denied. Good cause and adequate reasons were demonstrated by the Appellant. The inquiry letter mentioned: "Federal Judge William Lindsey Osteen Junior, Middle Dist. North Carolina" and "Federal Judge Thomas David Schroeder, Middle Dist. North Carolina". At this point the relevance of the witness had been established. There was no good reason to deny the Motion for Reconsideration (Document #309).

## CONCLUSION FOR THIRD APPEAL GROUND

65. Appellant argues and asserts that the district court did erred as a matter of law or abused discretion in denying the Appellant's uncontested Motion for Reconsideration (Document #301), by ignoring the witness and his credibility and not giving them an opportunity to explain their relevance and proven credibility as referenced in the 2255 Motion which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution.

> **GROUND iv. The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion (Document #309), by not exercising Judicial Restraint**

**and Comity in allowing the State Courts to finish their processes and the Secretary of the Commonwealth's final determination in Appellant's request for an Absolute Pardon (Actual Innocence verdict) in finding whether Brian David Hill is innocent of violating Virginia Code § 18.2-387. Indecent exposure. It is clear that the determination of Brian Hill's "Actual Innocence" is essential for the 2255 Motion case and is essential in determining whether Brian David Hill had violated his supervised release from Charging Documents #156, #157, #158 or was innocent of his charge and therefore his 2255 Motion has the merit to be granted as a matter of facts and as a matter of law. The Court did not exercise any judicial restraint or comity and instead pushed for rushing the 2255 Motion with the intention of possibly trying to have it dismissed or dispositioned prior to the State Court's determination of Brian's actual innocence of his state conviction. The Court is violating the Tenth Amendment of the U.S. Constitution and had previously violated his rights to a Jury Trial by not exercising Judicial Restraint of the state court process. They are doing it again.**

66. The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion (Document #309), by not exercising Judicial Restraint and Comity in allowing the State Courts to finish their processes and the Secretary of the Commonwealth's final determination in Appellant's request for an Absolute Pardon (Actual Innocence verdict) in finding whether Brian David Hill is innocent of violating Virginia Code § 18.2-387. Indecent exposure. It is clear that the determination of Brian Hill's "Actual Innocence" is essential for the 2255 Motion case and is essential in determining whether Brian David Hill had violated his supervised release from Charging Documents #156, #157, #158 or was innocent of his charge and therefore his 2255 Motion has the merit to be granted as a matter of facts and as a matter of law. The Court did not exercise any judicial restraint or comity and instead

pushed for rushing the 2255 Motion with the intention of possibly trying to have it dismissed or dispositioned prior to the State Court's determination of Brian's actual innocence of his state conviction. The Court is violating the Tenth Amendment of the U.S. Constitution and had previously violated his rights to a Jury Trial by not exercising Judicial Restraint of the state court process. They are doing it again.

67. The District Court does not care about Brian David Hill being found actually innocent by the State appellate process by the Court of Appeals of Virginia or the Supreme Court of Virginia. It has been well argued in Appellant's 2255 Motion and Brief (See Document #292, Page 113 through Page 126 of 194) that Appellant has pending State Appellate litigation and a pending Absolute Pardon Application with the Commonwealth of Virginia. It was argued in the Motion for Reconsideration in Doc. #301: pages 43 through 46 of 64 that "IT IS PREMATURE TO ORDER THE GOVERNMENT TO RESPOND WHILE APPEALS ARE STILL PENDING IN THE VIRGINIA STATE COURTS; THE DISTRICT COURT HAD ERRED IN MAKING THIS DECISION AT THIS TIME".  Good cause was shown.

68. Adequate reasons and good cause was shown because the 2255 Motion is challenging the Supervised Release Violation JUDGMENT ON REVOCATION (Document #200) See "JUDGMENT ON REVOCATION OF PROBATION/SUPERVISED RELEASE". The very 2255 Motion was challenging that judgment which was timely appealed and the 2255 Motion was timely filed before one year after the final decision of the U.S. Supreme Court. That 2255 Motion (Doc. #291) was challenging a Supervised Release Violation charge (Doc. #156,

#157, #158) which had been the very foundation for the JUDGMENT ON REVOCATION (Document #200). The charge was Brian David Hill had been charged with a state/local crime in the General District Court for the City of Martinsville, by the Commonwealth of Virginia. That is the charge of violating Virginia Code § 18.2-387. Indecent exposure. The entire Supervised Release Violation is dependent on evidence proving whether Appellant had violated Virginia Code § 18.2-387. If evidence ever proves that the Appellant did not violate Virginia Code § 18.2-387, unless there is evidence of another law being violated, there was no commission of a crime which means no basis for the JUDGMENT ON REVOCATION.

69. It is entirely dependent on the Virginia State Courts. We do have Federalism and the Federal Government is the supreme law of the land. However, we have something called the Tenth Amendment to the U.S. Constitution.

70. Here is a citation of the Tenth Amendment of the U.S. Constitution, at issue in this appeal:

> CITATION of Amendment X, U.S. Constitution:
> "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

71. Usually it is appropriate for a Federal Court to sit and observe the State Criminal proceedings, State Court proceedings involving a state criminal case, and not take any action which could interfere with the state proceedings, especially with

35

the Constitutional right to a trial by jury.

72. For the District Court to act as though the State appeals process does not affect the 2255 Motion and 2255 case does conflict with the Tenth Amendment to the U.S. Constitution, Amendment X. Usually Federal Courts exercise what is known as Judicial Restraint and Comity?

73. Federal courts primarily interfere with state courts in three ways: by enjoining proceedings in them, by issuing writs of habeas corpus to set aside convictions obtained in them, and by adjudicating cases removed from them. With regard to all three but particularly with regard to the first, there have been developed certain rules plus a statutory limitation designed to minimize needless conflict.

74. Comity.—"[T]he notion of 'comity,'" Justice Black asserted, is composed of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism'. . . ."

75. See Younger v. Harris, 401 U.S. 37, 44 (1971). Compare Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981), with id. at 119–25 (Justice Brennan concurring, joined by three other Justices). Comity is a self-imposed rule of judicial restraint whereby independent tribunals of concurrent or coordinate jurisdiction act to moderate the stresses of coexistence and to avoid collisions of

authority. It is not a rule of law but "one of practice, convenience, and expediency," which persuades but does not command. 1332 Mast, Foos & Co. v. Stover Manufacturing Co., 177 U.S. 458, 488 (1900). Recent decisions emphasize comity as the primary reason for restraint in federal court actions tending to interfere with state courts. E.g., O'Shea v. Littleton, 414 U.S. 488, 499–504 (1974); Huffman v. Pursue, Ltd., 420 U.S. 592, 599–603 (1975); Trainor v. Hernandez, 431 U.S. 434, 441 (1977); Moore v. Sims, 442 U.S. 415, 430 (1979). The Court has also cited comity as a reason to restrict access to federal habeas corpus. Francis v. Henderson, 425 U.S. 536, 541 and n.31 (1976); Wainwright v. Sykes, 433 U.S. 72, 83, 88, 90 (1977); Engle v. Isaac, 456 U.S. 107, 128–29 (1982). See also Rosewell v. LaSalle National Bank, 450 U.S. 503 (1981); Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981) (comity limits federal court interference with state tax systems); Levin v. Commerce Energy, Inc., 560 U.S. ___, No. 09–223, slip op. (2010) (comity has particular force in cases challenging constitutionality of state taxation of commercial activities). And see Missouri v. Jenkins, 495 U.S. 33 (1990).

76. Harman v. Forssenius, 380 U.S. 528, 534–35 (1965); Babbitt v. United Farm Workers Nat'l., 442 U.S. 289, 305–12 (1979). Abstention is not proper simply to afford a state court the opportunity to hold that a state law violates the federal Constitution. Wisconsin v. Constantineau, 400 U.S. 433 (1971); Zablocki v. Redhail, 434 U.S. 374, 379 n.5 (1978); Douglas v. Seacoast Products, Inc., 431 U.S. 265, 271 n.4 (1977); City of Houston v. Hill, 482 U.S. 451 (1987) ("A federal court may not properly ask a state court if it would care in effect to rewrite a statute"). But if the

statute is clear and there is a reasonable possibility that the state court would find it in violation of a distinct or specialized state constitutional provision, abstention may be proper, Harris County Comm'rs Court v. Moore, 420 U.S. 77 (1975); Reetz v. Bozanich, 397 U.S. 82 (1970), although not if the state and federal constitutional provisions are alike. Examining Bd. v. Flores de Otero, 426 U.S. 572, 598 (1976). Federal jurisdiction is not ousted by abstention; rather it is postponed. Federal-state tensions would be ameliorated through federal-court deference to the concept that state courts are as adequate a protector of constitutional liberties as the federal courts and through the minimization of the likelihood that state programs would be thwarted by federal intercession. Federal courts would benefit because time and effort would not be expended in decision of difficult constitutional issues which might not require decision. American Trial Lawyers Ass'n v. New Jersey Supreme Court, 409 U.S. 467, 469 (1973); Harrison v. NAACP, 360 U.S. 167 (1959). Dismissal may be necessary if the state court will not accept jurisdiction while the case is pending in federal court. Harris County Comm'rs v. Moore, 420 U.S. 77, 88 n.14 (1975).

77. The Federal Court in the 2255 Motion case had the opportunity to allow the Governor of Virginia and/or the State Courts to make rulings on new evidence and post-conviction motions which may acquit Brian David Hill of his charge of violating Virginia Code § 18.2-387. Indecent exposure. It is inappropriate for the Government of the United States to file a response to the 2255 Motion while there lays pending litigation which directly affects and impacts the substance and merits of the 2255 Motion and case. Otherwise the Federal Court again is making erroneous or false legal

38

decisions based on shaky grounds which are not well settled. They could have given delays until the appeals have been exhausted. Instead the District Court wants to quickly push for a disposition of the 2255 case instead of preventing any miscarriages of justice. The District Court had already unconstitutionally damaged the Appellant by not allowing him an unfettered with State criminal case Jury Trial by quickly revoking his supervised release and demanding his imprisonment, and that was deprived and violated. So his jury trial right given by Virginia was violated and deprived by the District Court. Then they further do not respect the State Court process by not even giving the State Courts the opportunity to find Brian David Hill innocent of his charge of violating § 18.2-387. Indecent exposure.

78. Not only was he fettered with in not being allowed to exercise his unimpeded constitutional right to a jury trial in a criminal case in the Commonwealth of Virginia, but then the Appellant explained to the Magistrate Judge that he needs delay or extension of time to await the State Appeal decisions. If they find Brian David Hill innocent, then he did not violate his Supervised Release conditions of not committing a local, state, or federal crime. That would mean his 2255 Motion would have merit and should be granted regardless of what the U.S. Attorney ever argues in the future.

### CONCLUSION FOR FOURTH APPEAL GROUND

79. It is clear that the district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion (Document #309), by not

exercising Judicial Restraint and Comity in allowing the State Courts to finish their processes and the Secretary of the Commonwealth's final determination in Appellant's request for an Absolute Pardon (Actual Innocence verdict) in finding whether Brian David Hill is innocent of violating Virginia Code § 18.2-387. Indecent exposure. It is clear that the determination of Brian Hill's "Actual Innocence" is essential for the 2255 Motion case and is essential in determining whether Brian David Hill had violated his supervised release from Charging Documents #156, #157, #158 or was innocent of his charge and therefore his 2255 Motion has the merit to be granted as a matter of facts and as a matter of law. The Court did not exercise any judicial restraint or comity and instead pushed for rushing the 2255 Motion with the intention of possibly trying to have it dismissed or dispositioned prior to the State Court's determination of Brian's actual innocence of his state conviction. The Court is violating the Tenth Amendment of the U.S. Constitution and had previously violated his rights to a Jury Trial by not exercising Judicial Restraint of the state court process. They are doing it again.

> **GROUND v.** **The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion under Document #309, because of the Affidavit/Memorandum of witnesses Kenneth and Stella Forinash wanting Brian David Hill to file over 200 pages of witness investigation, testimony, and research for the District Court. The Appellant thought the Government needed more time to review over that before making a response to the 2255 Motion. The District Court refused to give the Government more time to review over the evidence and the testimony papers of Stella and Kenneth Forinash prior to ordering the Government to respond when there needs to be more time.**

40

80. The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time for the Government to Respond to Petitioner's 2255 Motion under Document #309, because of the Affidavit/Memorandum of witnesses Kenneth and Stella Forinash wanting Brian David Hill to file over 200 pages of witness investigation, testimony, and research for the District Court. The Appellant thought the Government needed more time to review over that before making a response to the 2255 Motion. The District Court refused to give the Government more time to review over the evidence and the testimony papers of Stella and Kenneth Forinash prior to ordering the Government to respond when there needs to be more time.

81. Appellant made it clear when the witnesses Stella Forinash and Kenneth Forinash who monitors the Federal case on PACER.GOV and CourtListener.com, compelled Brian David Hill, the Appellant to file an evidence memorandum. A 261 page memorandum of evidence including an Affidavit from both witnesses. He properly argued that the U.S. Government counsel aka the Appellee needed time to also review over the Document #307 Memorandum and evidence attachments from the witnesses.

82. Citation from Document #309, "EMERGENCY MOTION FOR EXTENSION OF TIME OR DELAY THE TIME FOR THE GOVERNMENT TO RESPOND TO PETITIONER'S DOCUMENT # 291 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (PURSUANT TO 28 U.S.C. 2255) by BRIAN DAVID HILL. (Bowers, Alexis) (Entered: 04/20/2022)":

> "27. This motion accompanies a "MEMORANDUM OF STELLA
> FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL
> INNOCENCE OF BRIAN DAVID HILL; IN SUPPORT OF WHY BRIAN

DAVID HILL SUSPECTS BLACKMAIL OF "JUDGES" AND "OFFICIALS";
AND IN SUPPORT OF GROUND VI - UNCONSTITUTIONAL
INTERFERENCE WITH THE STATE COURT PROCESS AND/OR
UNWARRANTED USURPATION OF POWER AGAINST THE STATE
COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION; AND IN SUPPORT OF 2255 MOTION
(DOC. #291)". It was not insisted to be filed by Brian David Hill, but Stella
Forinash and Kenneth Forinash put together multiple evidence documents to be
filed by Brian David Hill at their request. Petitioner will file this and is projected
that their evidence documents are at a total of 261 pages for the Affidavit by Stella
Forinash, and legal writings and evidence prepared by both Stella and Kenneth
Forinash. The memorandum page without the evidence attachments is only eight
pages referencing and indexing the evidence memorandum attachments. The
Government will need a lot of time to respond to this memorandum as well. They
have a right and should have an opportunity to respond to Stella Forinash and
Kenneth Forinash and their affidavit filings. The pleading has 10 attachments. The
Government should at least have an additional 60 days to respond to the Stella and
Kenneth Forinash evidence memorandum filed by Brian David Hill"


83 See Document #307: MEMORANDUM OF STELLA FORINASH AND

KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN

DAVID HILL; IN SUPPORT OF WHY BRIAN DAVID HILL SUSPECTS

BLACKMAIL OF "JUDGES" AND "OFFICIALS"; AND IN SUPPORT OF

GROUND VI - UNCONSTITUTIONAL INTERFERENCE WITH THE STATE

COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER

AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH

AMENDMENT OF THE UNITED STATES CONSTITUTION; AND IN

SUPPORT OF 2255 MOTION (DOC. #291) by BRIAN DAVID HILL

(Attachments: # 1 Attachment 1: "Affidavit Stella April, 2022.pdf", # 2 Attachment

2:"1 Brian Hill's proof of inocence for the court in 2022.pdf", # 3 Attachment 3:"2

Who is Brian Hill-Pictures & Descriptions.pdf", # 4 Attachment 4:"3 Brian's

treatment in jail with brittle diabetes, autism & OCD.pdf", # 5 Attachment 5:"4 Threats.pdf", # 6 Attachment 6:"5 INVESTIGATION 1.pdf", # 7 Attachment 7:"6 INVESTIGATION 2.pdf, # 8 Attachment 8:"7 Danville, VA- Brian-Discovery.pdf", # 9 Attachment 9:"8 ACTUAL INNOCENCE.pdf", # 10 Attachment 10:"9-Child Pornography Through a Computer Virus-Roberts Law Group.pdf", # 11 Envelope Front Envelope, # 12 Envelope Back Envelope, # 13 Note to Clerk) (Bowers, Alexis) (Entered: 04/20/2022).

84. The District Court erred as a matter of law and as a matter of fact and/or abused discretion in denying the Doc. #309: "EMERGENCY MOTION FOR EXTENSION OF TIME OR DELAY THE TIME FOR THE GOVERNMENT TO RESPOND TO PETITIONER'S DOCUMENT # 291 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (PURSUANT TO 28 U.S.C. 2255) by BRIAN DAVID HILL". There was adequate reasons and good causes. The witness wanted Appellant to file this large pieces of evidence also relevant and material to the 2255 case. It shows a lot of issues and the witnesses had a lot to say. The Government clearly should have been given or offered an extension of time to respond by the Court.

> **GROUND vi.The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time (Document #309) and denying Appellant's Motion for Reconsideration (Document #301) by erroneously ruling in both Text Orders that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." The District Court has ignored all evidence, good and sufficient reasons, good and sufficient grounds, and ignored all witnesses, as well as ignoring the State Court appeals and ignoring the Governor's actual innocence pardon application process, and yet makes the**

43

**gaslighting claim of false reasoning for its ruling that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." Procedural Due Process and Substantive Due Process has been violated and deprived of Brian David Hill, the criminal defendant and 2255 Petitioner.**

85. The district court erred as a matter of law or abused discretion in denying the Appellant's Emergency Motion for Extension of Time (Document #309) and denying Appellant's Motion for Reconsideration (Document #301) by erroneously ruling in both Text Orders that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." The District Court has ignored all evidence, good and sufficient reasons, good and sufficient grounds, and ignored all witnesses, as well as ignoring the State Court appeals and ignoring the Governor's actual innocence pardon application process, and yet makes the gaslighting claim of false reasoning for its ruling that "Petitioner has failed to provide good cause or an adequate reason for the relief requested." Procedural Due Process and Substantive Due Process has been violated and deprived of Brian David Hill, the criminal defendant and 2255 Petitioner. The Court was wrong as there were good causes and adequate reasons for the relief requested in both motions. The Court was wrong.

86. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground I paragraphs 20-37 of this INFORMAL OPENING BRIEF, pages 10 through 23 of this INFORMAL OPENING BRIEF.

87. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground II paragraphs 38-52 of this INFORMAL OPENING BRIEF, pages 23 through 27 of this INFORMAL OPENING BRIEF.

44

88. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground III paragraphs 53-65 of this INFORMAL OPENING BRIEF, pages 27 through 32 of this INFORMAL OPENING BRIEF.

89. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground IV paragraphs 66-79 of this INFORMAL OPENING BRIEF, pages 32/33 through 40 of this INFORMAL OPENING BRIEF.

90. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, Ground V paragraphs 80-84 of this INFORMAL OPENING BRIEF, pages 40 through 43 of this INFORMAL OPENING BRIEF.

91. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, , Ground VII paragraphs 95-103 of this INFORMAL OPENING BRIEF, pages 47 through 50 of this INFORMAL OPENING BRIEF.

92. The District Court had clearly ignored all favorable evidence, good and sufficient reasons, good and sufficient grounds, and ignored all credible and relevant witnesses, as well as ignoring the pending State Court appeals and ignoring the Governor's actual innocence pardon application process. That is because the Government is the only party being taken seriously and any other party is not. The Government is the only party being respected and acknowledged while Appellant is being treated as if nothing he argues or files even matters. No matter how professional his pleadings look, no matter the research into case law and given assistance by his family, the hard work always going without success and without ever a single victory for all of that hard work in the U.S. District Court fighting for justice.

93. Part of the reason the Court ignores everything and anything of Brian David Hill is over the "delusional disorder" diagnosis of 2014. Appellant had fought to challenge that diagnosis and prove that he was not delusional but the District Court used Dr. Dawn Graney as an excuse (See Document #236) to deny that uncontested Motion in the first 2255 case asking to have an independent mental evaluation/examination to prove that Brian David Hill was not delusional. See Document #151: "MOTION entitled "Petitioner's Motion for requesting Psychological/Psychiatric Evaluation to Determine actual Innocence factor under False Confession element and to resolve the controversy/conflict between Government and Petitioner over "Delusional Disorder" filed by BRIAN DAVID HILL. Response to Motion due by 7/17/2018. (Attachments: # (1) Supplement 1, # (2) Supplement 2, # (3) Supplement 3, # (4) Supplement 4, # (5) Envelope - Front and Back) (Garland, Leah)". That motion was uncontested as well, but nevertheless was denied in the first 2255 Motion case.

94. The District Court ignores the evidence, witnesses, and legal arguments of the Appellant because of a simple "delusional disorder" diagnosis while Appellant was sitting in jail with severely limited access to any resources and being barred from the law library. The Government and the District Court takes advantage of "delusional disorder" but does not allow it in any of his favor. His false confession would be delusional but the District Court will not apply "delusional disorder" to his false confession and will not apply "delusional disorder" to anything favorable to Appellant. That is the excuse of the District Court, using an almost-decode-old

46

diagnosis. While not allowing Appellant to ever challenge that diagnosis (See Doc.

#236). Even if such a diagnosis was actually valid while not allowing him to challenge

it, it is being used as one of the excuses by the District Court to ignore any and all

evidence favorable to Appellant, it is all being used one sided. They will not apply it

equally to his false confession or to his false guilty plea, but will apply delusional

disorder to anything about Brian Hill being innocent of any conviction including the

Supervised Release Violation convictions. None of this makes any sense.

> **GROUND vii. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's uncontested/undisputed Motion for Reconsideration (Document #301) when there is clearly sufficient ground or reason to suspect BLACKMAIL; including "judges" and "officials" which may also include U.S. Supreme Court Chief Justice JOHN ROBERTS may be compromised. Attorney L. Lin Wood saying that "judges" incl. Justice Roberts may be targets of a blackmail scheme of child rape and child murder. Investigation is warranted and granting the Motion for Reconsideration is warranted on the credibility proven of that witness.**

95. The district court erred as a matter of law and as a matter of fact or abused

discretion in denying the Appellant's uncontested/undisputed Motion for

Reconsideration (Document #301) when there is clearly sufficient ground or reason to

suspect BLACKMAIL; where "judges" and "officials" which may include U.S.

Supreme Court Chief Justice JOHN ROBERTS may be compromised. Attorney L. Lin

Wood saying that "judges" incl. Justice Roberts may be targets of a blackmail scheme

of child rape and child murder. Investigation is warranted and granting the Motion for

Reconsideration is warranted on the credibility proven of that witness.

96. For the sake of brevity, Appellant hereby incorporates by reference, as if

fully set forth herein, Ground III paragraphs 53-65 of this INFORMAL OPENING BRIEF, pages 27 through 32 of this INFORMAL OPENING BRIEF.

97. Remember in GROUND III where Attorney L. Lin Wood did directly name Chief Justice John Roberts in an alleged scheme of being "blackmailed in a horrendous scheme involving rape & murder of children captured on videotape."

**CITATION OF LIN WOOD EVIDENCE CLAIMS:**

> **Document #301-3, Page 8 of 12 and Document #290-1, Page 8 and 15 of 16:**
> Lin Wood @LLinWood - Jan 4 – I believe Chief Justice John Roberts & a multitude of powerful individuals worldwide are being blackmailed in a horrendous scheme involving rape & murder of children captured on videotape. I have the key to the files containing the videos. I have also shared this information. (Citation reformatted)

98. It is clear that this issue is very important and does directly impact the judicial decisions in the case of United States of America v. Brian David Hill, case number 1:13-cr-435-1. As well as the pending 2255 Motion case under case no. 1:22-cv-00074-TDS-JLW.

99. Relevance has been proven in the 2255 Case and its GROUND VII BLACKMAIL SUSPICION in Document #301-3. In a fax to this Attorney L. Lin Wood, the witness. Asking him and using his own tweets. Asking this witness if certain Federal Judges directly involved in his criminal case, may be in the proclaimed alleged blackmail scheme of encrypted videos. Encrypted videos of child rape and murder and the blackmail targets are of "judges" and "officials" (Document #301-3, Page 5 of 12). Specific Federal Judges involved in his criminal

48

case and the 2255 case were named in this inquiry letter to the witness, Attorney Lin Wood. At this point the relevance of this witness has been established and is necessary for the Motion for Reconsideration to have needed to be granted instead of denied. Good cause and adequate reasons were demonstrated by the Appellant. It mentioned: "Federal Judge William Lindsey Osteen Junior, Middle Dist. North Carolina" and "Federal Judge Thomas David Schroeder, Middle Dist. North Carolina". At this point the relevance of the witness has been established. There was no reason to deny the Motion for Reconsideration (Document #301).

100. Brian David Hill had appealed to the U.S. Supreme Court on multiple occasions from decisions made in the Fourth Circuit in prior appeals. Such as Fourth Circuit case nos. 19-7755, 20-6034, and was appealed to the Supreme Court under case no. 21-6036. Then there was Fourth Circuit case no. 20-7737 and was appealed to the Supreme Court under case no. 21-6037. Then there was Fourth Circuit case no. 19-4758 and was appealed to the Supreme Court under case no. 20-6864. Then there was Appellant's Petition for Writ of Mandamus concerning the Fourth Circuit not comporting to the Supreme Court case laws under SCOTUS case no. 21-6038. Then last but not least is Fourth Circuit case no. 19-2338 and was appealed to the Supreme Court under case no. 19-8684.

101. If Chief Justice John Roberts is truly being blackmailed with a crime of pedophilia, of "child rape" and child "murder", "captured on videotape", as Attorney L. Lin Wood said last year in open statements on Twitter, then this affects even as far as Appellant's appeals and as far as the Fourth Circuit decisions as well.

49

102. Chief Justice John Roberts of the U.S. Supreme Court is assigned to the Fourth Circuit of the U.S. Court of Appeals. Arguably John Roberts could have theoretically been influenced by the Deep State blackmailers to influence the Fourth Circuit to affirm judgments wrongfully. Everything Attorney Lin Wood said in January, 2021, about this alleged blackmail scheme is relevant to the 2255 Motion and case. Appellant is not the source accusing John Roberts of this; but is sourced from what Attorney L. Lin Wood had claimed; which his tweets were used in the foregoing case and this appeal.

### CONCLUSION FOR SEVENTH APPEAL GROUND

103. It is clear that District Court erred or abused discretion as a matter of law and as a matter of fact.

### VI. CONCLUSION

104. For the reasons stated above, the Appellant urges this Court to vacate the final judgment Order denying the Motion for Reconsideration under Document #301, compel the District Court to hold evidentiary hearings if necessary, and the Court should be ordered and remanded with instructions for the District Court to grant the Motion for Reconsideration under Document #301 and Motion for Extension of Time under Document #309 in the 2255 motion case.

Respectfully Submitted,
This the 29th day of April,

**BRIAN DAVID HILL**
**Pro Se**

*Brian D. Hill*
Signed

Brian D. Hill

50



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*



# PRIOR APPEALS

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of

Appeals. List includes current appeal case no. 22-6325, the case this brief is filed.

| 15-4057<br>US v. Brian Hill | 01/30/2015 | Brian David Hill | 06/12/2015<br>14:43:07 | 0418-2 : 1:13-cr-00435-WO-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
|---|---|---|---|---|
| 17-1866<br>Brian Hill v. EOUSA | 07/25/2017 | Brian David Hill | 12/27/2017<br>11:00:14 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 18-1160<br>Brian Hill v. EOUSA | 02/09/2018 | Brian David Hill | 10/09/2018<br>08:08:13 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 19-2077<br>In re: Brian Hill | 10/03/2019 | Brian David Hill | 10/17/2019<br>10:41:39 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-4758<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 02/23/2021<br>15:03:01 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7483<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 05/06/2020<br>08:45:33 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-2338<br>In re: Brian Hill | 11/25/2019 | Brian David Hill | 01/12/2021<br>14:57:45 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7755<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7756<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 05/06/2020<br>08:47:08 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 20-6034<br>US v. Brian Hill | 01/06/2020 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 20-1396<br>Brian Hill v. Glen Hall | 04/07/2020 | Brian David Hill | 07/15/2020<br>08:54:16 | 0423-4 : 4:20-cv-00017-JLK<br>United States District Court for the Western District of Virginia at Danville |
| 20-7737<br>US v. Brian Hill | 11/24/2020 | Brian David Hill | 01/10/2022<br>16:36:20 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 22-6325<br>US v. Brian Hill | 03/22/2022 | Brian David Hill | 04/15/2022<br>11:34:18 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 22-6501<br>US v. Brian Hill | 04/27/2022 | Brian David Hill | 04/27/2022<br>12:07:32 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |

## VII.  **REQUEST FOR ORAL ARGUMENT**

As this appeal raises important constitutional and statutory interpretation issues, the Appellant requests oral argument. Appellant also requests that counsel be appointed to represent Appellant for oral argument if necessary.

Respectfully Submitted,
This the 29th day of April,

**BRIAN DAVID HILL**
  **Pro Se**

*Brian D. Hill*
Signed
               Brian D. Hill

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*



## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with type-volume limits (contains no more than 13,000 words) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*12,997*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; *or*

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  April 29, 2022                              *Brian D. Hill*
                                                   _____
                                                          Signed
                                                           **Brian D. Hill**



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
                              *Pro Se Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 29th day of April, 2022, I caused this
EMERGENCY Informal Opening Brief of Appellant to be filed with the Clerk of
the Court by mailing the foregoing in a Priority Mail envelope with the Clerk of the
Court then request that pursuant to 28 U.S.C. §1915(d) that the Clerk of the Court
move to electronically file the foregoing using the CM/ECF system, which will send
notice of such filing to the following registered CM/ECF users:

Anand P. Ramaswamy
OFFICE OF THE U.S. ATTORNEY
101 South Edgewater Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
Anand.Ramaswamy@usdoj.gov

*Counsel for Appellee*

Angela Hewlett Miller
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
angela.miller@usdoj.gov

*Counsel for Appellee*

John M. Alsup
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
john.alsup@usdoj.gov

*Counsel for Appellee*

Respectfully Submitted,
This the 29th day of April,

**BRIAN DAVID HILL**
  **Pro Se**

*Brian D. Hill*
  Signed
  Brian D. Hill

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*

*JusticeForUSWGO.wordpress.com*
*JusticeForUSWGO.NL*






**FEDERAL PORN WARS - Part 3: BLACKMAIL
of Series - DOCUMENTARY at
JusticeForUSWGO.wordpress.com**

https://youtu.be/zR-7YLVp5uQ

**CLERKS, FEDERAL JUDGES INCLUDING SUPREME COURT CHIEF JUSTICE JOHN ROBERTS MAY BE BLACKMAILED BY THE DEEP STATE SWAMP, CHILD RAPE AND MURDER BLACKMAIL!!!!!!!**

**THE DOCUMENTARY SERIES OF
THE FRAUDS AND FRAME UPS
BY THE UNITED STATES DEPARTMENT OF [IN]JUSTICE
(FAMILY PRODUCTION COMMITTEE)
U.S. GOVERNMENT CHILD PORN PLANTING WARS
CHILD PORN IS A [WEAPON] OF POLITICS**



**FEDERAL PORN WARS - Part 1: Frame Ups of Series of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/qdR7Zglxrtw**

**NEW WORLD ORDER CONTROLS THE JUDGES**



**FEDERAL PORN WARS - Part 2: Judicial Corruption of Series of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/Ujwz6ytSfH8**



**FEDERAL PORN WARS - Part 3: BLACKMAIL of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/zR-7YLVp5uQ**

**RAMASWAMY KNOWS THAT THE FEDERAL GOVERNMENT LOVES CHILD PORN BECAUSE IT IS THE PERFECT WEAPON OF POLITICAL WARFARE, PLANTING CHILD PORN TO DESTROY ANYBODY THEY WISH.**

**UNITED STATES POSTAL SERVICE** ® | **PRIORITY** ® **MAIL**

d delivery date specified for domestic use.

mestic shipments include up to $50 of insurance (restrictions apply).*

acking® included for domestic and many international destinations.

international insurance.**

ed internationally, a customs declaration form is required.

es not cover certain items. For details regarding claims exclusions see the
Manual at *http://pe.usps.com.*

ional Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**FROM:**

**U.S.W.G.O.**

Brian D. Hill - Ally of Q
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA Q Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com



**TO:**

Clerk of the Court
U.S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219



EXPECTED DELIVERY DAY: 05/02/22

USPS TRACKING® #

9505 5104 2593 2119 5022 62



0001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

dule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

Filed: 05/02/2022

USCA4 Appeal: 22-6501     Doc: 6

# UNITED STATES
# POSTAL SERVICE ®

# PRIORITY®
# MAIL



**FEDERAL PORN WARS - Part 1: Frame Ups of Series of Series -
DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/qdR7Zglxrtw

RATE ENVELOPE

ANY WEIGHT

free Package Pickup,
the QR code.





**FEDERAL PORN WARS - Part 2: Judicial Corruption of Series of
Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/Ujwz6ytSfH8



COM/PICKUP



**FEDERAL PORN WARS - Part 3: BLACKMAIL of Series -
DOCUMENTARY at JusticeForUSWGO.wordpress.com**
https://youtu.be/zR-7YLVp5uQ

KED ▪ INSURED



001000014    EP14F May 2020

# VISIT US AT USPS.COM®

ORDER FREE SUPPLIES ONLINE